UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THOMAS E. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-01741-WTL-TAB |
| | ) | |
| CELLCO PARTNERSHIP doing business as VERIZON WIRELESS, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTIONS TO SEAL**

This cause is before the Court on motions to seal filed by both Plaintiff and Defendant. [Filing Nos. 52, 64.] Given that it is Defendant that presumably seeks to maintain under seal the documents implicated by these motions, the Court will focus this order primarily on Defendant's motion to seal. Defendant's motion generally seeks to maintain under seal the names of some of Defendant's customers as well as the names of some of Defendant's employees who are used for comparison purposes in Defendant's motion for summary judgment.

The law is well established that, except for certain personal identifiers, any request to maintain information under seal must be supported by good cause. While the parties apparently agree in this case that the information should remain sealed, the Court disagrees. The Court sees nothing particularly sensitive about the identities of some of Defendant's customers or its employees. In many ways, the allegations of wrongful termination in this case mirror similar allegations in countless other discrimination cases. Likewise, the purported confidentiality of some of the sensitive information contained in the summary judgment briefing is similar to the

type of information that is routinely discussed in publicly filed summary judgment briefs in other discrimination cases.

The Court does not doubt that Defendant would rather not disclose its customers' identities, particularly in this case where the evidence addresses, for example, the manner in which some of these accounts were handled. Nor does the Court dispute that Defendant would prefer not to identify by name non-party certain employees who, for example, allegedly had performance deficiencies that could have impacted Defendant's customers. But Defendant's preference for secrecy (and Plaintiff's willingness to not rock the boat in this regard) do not constitute good cause. This is a public forum; what occurs here, and the rationale for the Court's decisions, is presumptively public.

This should come as no surprise to the parties. Indeed, in granting the motion for protective order filed at the outset of the case, the Court added language to clarify that any request to seal a document must be made by way of a separate motion supported by good cause. The Court then specifically stated, "The undersigned rarely grants motions to seal except when required by rule." [Filing No. 22, at ECF p. 10.] Thus, for the most part Defendant's motion must be denied.

However, a small portion of the documents Defendant seeks to seal include dates of birth. Such information is properly sealed pursuant to Fed. R. Civ. P. 5.2(a). Accordingly, Defendant's motion to seal [Filing No. 52] is granted with respect to the documents identified in Filing No. 61. Thus, filing No. 61 shall remain under seal. However, the Clerk shall, after waiting 14 days as required by Local Rule 5-11(a), unseal Filing Nos. 53-60.

Also pending before the Court is Plaintiff's motion to seal. [Filing No. 64.] In light of the ruling above, it should be apparent to the parties that Plaintiff's motion is not well taken.

Presumably Plaintiff filed this motion not because Plaintiff wanted to have certain documents remain under seal, but rather because Defendant was asserting confidentiality with respect to certain information in these documents. The Court will keep Filing No. 64 under advisement, and gives the parties 14 days to make a supplemental filing identifying which documents, if any, associated with Filing No. 64 the parties believe should be properly maintained under seal in light of this entry and consistent with the standards for sealed filings in the Seventh Circuit.

Accordingly, as set forth above, Filing No. 52 is granted in part and denied in part, and Filing No.64 remains under advisement pending the parties' supplemental filing.

Date: 9/28/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Distribution:

Julia E. Dimick
ALERDING CASTOR HEWITT LLP
jdimick@alerdingcastor.com

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com

Matthew J. Kelley
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
matthew.kelley@ogletreedeakins.com